ARGUED AND DETERMINED

IN THE

# Supreme Court

OF THE

## STATE OF LOUISIANA.

### MONTGOMERY vs RUSSEL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

In examining the evidence upon which the jury acted, if the Court is unable to concur with the jury in opinion—it will, in accordance with its usual practice remand the cause for a new trial, and the opinion of another jury.

*Thomas* for plaintiff. This is a suit brought to recover from the defendant Russell, the amount of two security bonds, with interest, damages and cost, which the plaintiff had to pay for Russell in the state of Alabama.

In the Court below, the jury found two verdicts—one for $3,515 19, interests and costs, the amount of one bond;—the other for $1,621 with like interests and costs, being the amount of the second bond. On the two sums thus found, the Court gave judgment.

The defendant had set up a claim for certain property on Dog river, near Mobile Point, which he had conveyed to the plaintiff for $4000. This the plaintiff contends was intended to indemnify him against other securities and respon-

Western District.
October, 1830.

Montgomery
*vs.*
Russell.

sibilities he was under for the defendant, and which he had paid. It is shewn by the evidence in the cause.

*C. T. Scott* for defendant. The Dog river property was conveyed to the plaintiff to secure him against all his *liabilities* for the defendant. It was valuable and abundantly sufficient for this purpose, and has never been accounted for by Montgomery.

1. The defendant has the right to enquire into the validity of the judgments on the security bonds in Alabama, upon which the verdict and judgments are based in this Court. The original security bond should have been produced on the trial here, as the best evidence, and not a transcript copy. La. Code, art. 3005.

2. The security bond in the second case was originally given in Alabama for the hire of African slaves, and was illegal and void, because given for the hire of property illicitly brought into the country. The principal being absent at the time a recovery was had on it, Montgomery the security was remiss in not preventing such recovery. The validity of such judgment was a subject of proper enquiry here, and the verdict and judgment rendered on it illegal. La. Code, 3005. 6 Toullier 191, 183.

*Martin J.* delivered the opinion of the Court. This case was remanded from this Court at October term 1828—see 7 Mar. n. s. 288.

This case was remanded to have it ascertained whether the property conveyed to the plaintiff was for the purpose of securing him against any debts he might be compelled to pay for the defendant.

In examining the evidence upon which the jury acted, if the Court is unable to concur with the jury in opinion—it will in accordance with its usual practice, remand the cause for

The jury seem to have implied it was not. In this conclusion after a close examination of the evidence, we are unable to concur. In such a case, it is our practice so far to regard the verdict of a jury as to forbear acting in opposition to it, and to send the case back for the opinion of another jury.

It is therefore ordered, adjudged and decreed that the judgment be annulled, avoided and reversed—the verdict set aside and the case remanded for a new trial. The appellee paying costs in this Court.